IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JUSTIN SINCLAIR ASHLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLMAKER, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 2:22-mc-2 |

**O R D E R**

Plaintiff, who is currently housed at the Georgia Diagnostic and Classification Prison-Special Management Unit in Jackson, Georgia, submitted a request for a blank copy of a 42 U.S.C. § 1983 complaint form, which has been docketed as a Motion to be furnished with a copy of this form free of charge due to his indigency.  Doc. 1.  However, it does not appear Plaintiff intended to submit this construed Motion to this Court, as he references a cause of action bearing Case Number 5:22-cv-214 in the District Court for the Middle District of Georgia.  Id.  A review of that court's docket reveals Plaintiff was to file the requisite financial forms for that case on or before August 29, 2022, and at least one of the Defendants in that case is the same as the named Defendant in this cause of action.  Dkt. entry, Ashley v. Wellmaker, 5:22-cv-214 (M.D. Ga. July 21, 2022).

The Court notes Plaintiff asks this Court to order the Middle District of Georgia court to rule on a motion he filed in that court.  Doc. 1 at 2.  A district court may raise the issue of defective venue sua sponte.  Collins v. Hagel, No. 1:13-CV-2051, 2015 WL 5691076, at *1

(N.D. Ga. Sept. 28, 2015) (citing Kapordelis v. Danzig, 387 F. App'x 905, 906–07 (11th Cir. 2010) (affirming sua sponte transfer, in accordance with 28 U.S.C. § 1406(a), of pro se prisoner's civil rights action from New York to Georgia), and collecting cases)).  When venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).  "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'"  Leach v. Peacock, Civil Action No. 2:09cv738, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (citing 28 U.S.C. § 1406(a)).  Trial courts generally have broad discretion in determining whether to transfer or dismiss a case.  Id. (citing England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

      This Court is not the proper venue to hear Plaintiff's request.  Section 1391(b) of Title 28 of the United States Code sets forth the applicable venue provisions:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff complains about events occurring in Bibb County, Georgia, which is within the Macon Division of the Middle District of Georgia. 28 U.S.C. § 90(b)(2).  Thus, venue is proper in that District.  28 U.S.C. § 1391(b)(2).  Accordingly, the Court **TRANSFERS** Plaintiff's filings and this case to the Macon Division of the United States District Court for the Middle District of Georgia in the interest of justice.  The Court has no authority to order another court to perform any action.  If Plaintiff wishes to receive a copy of a § 1983 form relating to his currently

2

pending case in the Middle District of Georgia, he may contact that court.

**SO ORDERED**, this 17th day of October, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA